**Matter of Howard Lemoine GLASS, dba Canton Cycle & Key Company, Bankrupt.**

**No. 72717.**

United States District Court
N. D. Ohio, E. D.

July 28, 1955.

Gregory Shott, Canton, Ohio, for trustee and receiver.

M. W. Wendling, Canton, Ohio, for bankrupt.

JONES, Chief Judge.

This matter is before the court to review an order of the Referee in Bankruptcy approving the petition of bankrupt's trustee to sell the chattels of bankrupt which included three motor scooters and a truckster, and to apply the proceeds of the sale as part of the assets of the bankrupt estate.

Defendant-creditor, the Beacon Finance & Investment Company, Inc., opposes the order as it applies to the three motor scooters and the truckster, contending that it has a valid lien on said vehicles by virtue of prior executed chattel mortgages together with continuous possession of the manufacturer's statements of origin to said vehicles, all in accord with Ohio Revised Code, Section 4505.13.

The crux of the argument is whether Beacon's liens are valid and in accord with Ohio law. The referee thinks not:

1. Because no certificates of title were applied for or issued by the County Clerk, nor were the chattel mortgages recorded with the County Recorder.

2. That there was no assignment on the manufacturer's statement of origin from the bankrupt to Beacon Finance.

3. That secret and unrecorded liens upon personal property are in conflict with Section 60, sub. a(6) of the Bankruptcy Act, 11 U.S.C.A. § 96, sub. a(6), which prohibits secret liens.

By stipulation between the parties there is no dispute as to the facts, the controlling ones of which briefly may be stated. The bankrupt on August 7, 1954, borrowed $750 from Beacon Finance & Investment Company, Inc., as represented by chattel mortgages. There is now due the sum of $729.03. At the time the loan was made by the bankrupt from Beacon Finance, the bankrupt was the owner of motor vehicles as described

in manufacturer's statements of origin to a motor vehicle, and the bankrupt, upon making the loan, delivered the originals of the manufacturer's statements of origin to Beacon Finance. The statements remained in the possession of Beacon Finance until the sale of the personal property described by the trustee, and the order of the referee. The chattel mortgage and the manufacturer's statements of origin remained in the actual and continued possession of Beacon Finance from the time the bankrupt made the loan, and the manufacturer's statements of origin only were surrendered to the trustee on the order of the referee and without the waiver of any rights of Beacon Finance.

The law, as contained in Ohio Revised Code, Section 4505.01 et seq. (in particular Section 4505.13), appears to be clear and unequivocal in stating that a lien, as here created, need not be recorded. Further, it is plain that a valid lien is created if the chattel mortgage executed " * * * is accompanied by delivery of a manufacturer's or importer's certificate and followed by actual and continued possession of such certificate by the holder of [the chattel mortgage] * * * ". The vehicles here involved were "new" (or in the possession of the bankrupt dealer to be sold at retail) as distinguished from "used" (after purchase from the dealer at retail). In the former instance, the manufacturer's statement of origin is the dealer's evidence of title, Ohio Revised Code, Section 4505.05. While in the latter case, a certificate of title is proof of title in the purchaser, Ohio Revised Code, Section 4505.03. Thus, it is when ownership of the vehicle passes from dealer to purchaser or from purchaser to purchaser that it is mandatory that a certificate of

title issue, with any liens noted thereon. Not before. Ohio Revised Code, Sections 4505.03 and .06.

Next, it was not necessary for the bankrupt-dealer to assign the manufacturer's statements of origin to Beacon Finance. There is no language in Ohio Revised Code, Section 4505.13 directing such an assignment. Further, any language to that effect appearing in the form under Ohio Revised Code, Section 4505.07, when read with Ohio Revised Code, Section 4505.05, refers to an assignment of the manufacturer's statement of origin (the dealer's title) when the dealer transfers possession of the vehicle. In this case there was not a transfer of possession.

Finally, that Section 60, sub. a (6) of the Bankruptcy Act would not be violated by enforcing Beacon's liens, is obvious since "available means of perfecting legal liens" were employed by Beacon, i. e., Ohio Revised Code, Section 4505.13.

The referee appears to have based his opinion on the general rules which apply in cases respecting mortgages which are not filed for record and upon the fact that secret liens ordinarily will not be recognized or sustained as valid. But the statute under which this case arises is specific in exempting motor vehicles from the operation of the recording requirement and since the statute provides for the procedure followed here the respondent is entitled to the benefit of the provisions of that statute.

Accordingly, Beacon Finance having valid liens on the three motor scooters and the truckster, the petition for review will be granted, and that part of the referee's order denying Beacon's liens reversed.